# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| NUR ALAM, | ) |
| Petitioner, | ) |
| v. | ) Case No.: 4:19-cv-01745-LSC-JEO |
| WILLIAM BARR, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

The magistrate judge filed a report and recommendation on January 7, 2020, recommending that this petition for *habeas corpus* relief filed pursuant to 28 U.S.C. § 2241 be dismissed without prejudice. (Doc. 9). The petitioner filed timely objections. (Doc. 10).

The petitioner objects to the finding in the report and recommendation that he completed travel documents, but failed to provide a passport or birth certificate. (Doc. 10 at 3). The petitioner claims these findings are contradictory, because he does not bear the duty to present identification to verify his Bangladesh citizenship, and he lost his passport while crossing the Panama Jungle to Mexico. (*Id.*). He further argues that even if he produced a passport and birth certificate, the Bangladesh Consulate could still decline to issue travel documents because anyone who is not a citizen of Bangladesh could use these documents if he speaks the

language fluently. (*Id.*, at 3-4). Nothing in the petitioner's objections demonstrates the challenged findings of fact are incorrect. This objection is overruled.

The petitioner next objects to the magistrate judge's determination that the petitioner had been detained eight months since the entry of a final order of removal. (Doc. 10 at 4). While recognizing the final order of removal was entered in March 2019, the petitioner asserts he has been detained 13 months.[1] (*Id.*). The challenged finding of detention "in excess of 8 months" is a direct quote from the petitioner's habeas petition.[2] (*See* Doc. 1 at 6). The magistrate judge noted that "[i]n his petition, the petitioner asserts the length of his detention, now exceeding eight months, violates *Zadvydas v. Davis*, 533 U.S. 678 (2001), and his due process rights. (Doc. 1 at 6-7)." (Doc. 9 at 2). The magistrate judge merely restated the petitioner's arguments from the habeas petition. This objection is overruled.

The petitioner further asserts the magistrate judge erred by relying on *Jennings v. Rodriguez,* 538 U.S. ---, 138 S. Ct. 830 (2018), because the petitioner does not challenge his removal, but rather the length of his detention. (Doc. 10 at

---

[1] The petitioner was taken into custody in December 2018, after border patrol agents watched him crawl under a fence at the United States—Mexico border. (Doc. 6-1 at 2). Thus, as of January 2020, the petitioner has been in custody for 13 months. The petitioner further challenges the report and recommendation finding that he has been in ICE custody for less than a year. (Doc. 10 at 4). While his custody now stands at 13 months, at the time he filed the instant petition, October 24, 2019, he had been in custody approximately 10 months.

[2] The petitioner averred, "I have been in post-removal ICE detention in excess of 8 months." (Doc. 1 at 6).

2

4). However, the petitioner's detention arises under 8 U.S.C. § 1225(b). *Jennings* held that "nothing in the statutory text imposes any limit on the length of detention," and that neither §§ 1225(b)(1) or (b)(2) "can reasonably be read to limit detention to six months." *Id.*, at 842, 844. *Jennings* eliminated any statutory basis for a § 1225 detainee to be released from custody.[3] This objection is overruled.

Finally, the petitioner asserts his medical claims, concerning treatment for his leg, "may not raise any constitutional claims, but it is vital to the Petitioner." (Doc. 10 at 4-5). The petitioner requests he be released or deported so that he may receive appropriate medical treatment. (*Id.*, at 5). The magistrate judge advised the petitioner that deliberate indifference to medical needs claims could not be brought in a habeas petition, and further instructed the petitioner how to obtain relief on such claims. (Doc. 9 at 7, n.2). The petitioner's statement concerning treatment for his leg does not raise an objection to the report and recommendation and thus requires no ruling.

After a *de novo* consideration of the entire file in this action, including the report and recommendation and the petitioner's objections thereto, the court **OVERRULES** the petitioner's objections, **ADOPTS** the magistrate judge's report

---

[3] The sole exception to the mandatory detention of 8 U.S.C. § 1225 is found in 8 U.S.C. § 1182(d)(5)(A), and is not relevant here.

and **ACCEPTS** his recommendation. The court finds that the petition for writ of habeas corpus is due to be **DISMISSED WITHOUT PREJUDICE**.

A separate order will be entered.

**DONE** AND **ORDERED** ON JANUARY 28, 2020.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704

4